Filed 8/26/13  In re Matthew R. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MATTHEW R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. MATTHEW R., Defendant and Appellant. | G047875 (Super. Ct. No. DL042179) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Minor Matthew R. appeals a judgment declaring him a ward of the court (Welf. & Inst. Code, § 602)[1] and placing him on formal probation.  According to minor, the court abused its discretion when it terminated his deferred entry of judgment proceedings because he failed drug tests.  (See § 793, subd. (a).)  We affirm.

FACTS

A March 2012 petition alleged that minor (15 years old at the time) committed two violations of Health and Safety Code section 11360, subdivision (a), the sale or transportation of marijuana.  Waiving his right to a trial, minor admitted the charges.  In response to probation department inquiries, minor stated he first used marijuana at the age of 14 and used marijuana "at most" once every two weeks.  Minor claimed he had stopped using drugs and alcohol.  In June 2012, the court placed minor on deferred entry of judgment non-wardship probation.  As a condition of probation, minor could not use, possess, or be under the influence of alcohol or illegal drugs.  Minor was also ordered to participate in drug testing and substance abuse education.  Minor agreed in his deferred entry of judgment program contract that he understood he "may be terminated from" the deferred entry of judgment program and returned to delinquency court for sentencing if he did not comply with the terms of his probation.

---

[1] All statutory references are to the Welfare and Institutions Code, unless otherwise stated.

2

Minor tested positive for marijuana on November 6, 2012, and December 10, 2012. At a December 2012 hearing, minor admitted he was using marijuana until early November 2012. Minor asked the court to allow him to continue deferred entry of judgment non-wardship probation. Likewise, the probation officer recommended that the court maintain deferred entry of judgment non-wardship probation. Instead, at a January 2013 hearing, the court terminated deferred entry of judgment non-wardship probation, found the allegations of the petition to be true beyond a reasonable doubt, entered judgment declaring minor to be a ward of the court, and placed minor on formal probation (which included many of the same conditions to which minor was already subject). The court explained, "[I]t is apparent . . . that not only is [minor] in violation of the terms and conditions of the [deferred entry of judgment] probation, but it is the same type of conduct which brought him before the court initially. And it appears from the violations that the level of supervision is not sufficient."

## DISCUSSION

"'The [deferred entry of judgment] provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the *successful completion of a term of probation*, on motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed.'" (*In re Kenneth J.* (2008) 158 Cal.App.4th 973, 976, italics added.)

3

A minor is eligible for deferred entry of judgment "if all of the following circumstances apply:  [¶]  (1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense.  [¶]  (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707.  [¶]  (3) The minor has not previously been committed to the custody of the Youth Authority.  [¶]  (4) The minor's record does not indicate that probation has ever been revoked without being completed.  [¶]  (5) The minor is at least 14 years of age at the time of the hearing.  [¶]  (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code."  (§ 790, subd. (a)(1)-(6).)

The decision whether to grant deferred entry of judgment to an eligible minor is within the discretion of the juvenile court.  (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607.)  This exercise of discretion is based on "whether the minor will derive benefit from 'education, treatment, and rehabilitation' rather than a more restrictive commitment."  (*Ibid*.)  Here, the court initially granted deferred entry of judgment to minor (in June 2012) before ultimately terminating minor's participation in the program (in Jan. 2012).

"If it appears to the prosecuting attorney, the court, or the probation department that the minor is not performing satisfactorily in the assigned program or is not complying with the terms of the minor's probation, or that the minor is not benefiting from education, treatment, or rehabilitation, the court shall lift the deferred entry of judgment and schedule a dispositional hearing."  (§ 793, subd. (a).)  Minor concedes the court's decision to terminate his participation in the deferred entry of judgment program is reviewed for an abuse of discretion.

Minor's position seems to be that the court's decision was outside the bounds of reason because:  (1) it went against the probation department's recommendation; (2) minor was complying with most of the probation conditions imposed by the court; and (3) marijuana use is less serious than its transportation or sale.

4

But minor does not cite any legal authority to support the notion that we should interfere with the court's decision, which is supported by minor's flaunting of his probation condition to refrain from using illegal drugs. The court was also entitled to conclude minor required more stringent supervision, not the less restrictive option of his deferred entry of judgment probation. We therefore reject minor's assertion that the court abused its discretion.

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.